**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 120981

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS**

| | |
|---|---|
| Esther Gartenhaus and Shalom Stern, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Financial Recovery Services, Inc.,<br><br>Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Esther Gartenhaus and Shalom Stern, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Financial Recovery Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.     Plaintiff Esther Gartenhaus is an individual who is a citizen of the State of New York residing in Rockland County, New York.

6.     Plaintiff Shalom Stern is an individual who is a citizen of the State of New York residing in Kings County, New York.

7.     Plaintiff Gartenhaus is a natural person allegedly obligated to pay a debt.

8.     Plaintiff Stern is a natural person allegedly obligated to pay a debt.

9.     Plaintiff Gartenhaus is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.    Plaintiff Stern is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.    On information and belief, Defendant Financial Recovery Services, Inc., is a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

12.    Defendant regularly collects or attempts to collect debts asserted to be owed to others.

13.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14.    The principal purpose of Defendant's business is the collection of such debts.

15.    Defendant uses the mails in its debt collection business.

16.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

17.    Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

18.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

2

19. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

20. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

22. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

23. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

**ALLEGATIONS SPECIFIC TO PLAINTIFFS**

24. Defendant alleges each of the Plaintiffs owes a debt ("the alleged Debts").

3

25. The alleged Debts are alleged obligations of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26. The alleged Debts do not arise from any business enterprise of Plaintiffs.

27. The alleged Debts are "debts" as defined by 15 U.S.C. § 1692a(5).

28. At an exact time known only to Defendant, the alleged Debts were each assigned or otherwise transferred to Defendant for collection.

29. At the time the alleged Debts were assigned or otherwise transferred to Defendant for collection, the alleged Debts were in default.

30. In its efforts to collect the debt allegedly owed by Plaintiff Gartenhaus, Defendant contacted Plaintiff Gartenhaus by letters including the letter dated December 13, 2019 ("the Gartenhaus Letter"). (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

31. In its efforts to collect the debt allegedly owed by Plaintiff Stern, Defendant contacted Plaintiff Stern by letters including the letter dated August 20, 2020 ("the Stern Letter"). (A true and accurate copy is annexed hereto as **"Exhibit 2."**)

32. The aforementioned letters are sometimes referred to herein as collectively as "the Letters."

33. The Letters conveyed information regarding the alleged Debts.

34. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

35. The Letters were received and read by Plaintiffs.

36. 15 U.S.C. § 1692e protects Plaintiffs' concrete interests.  Plaintiffs have the interest and right to be free from deceptive and/or misleading communications from Defendant.  As set forth herein, Defendant deprived Plaintiffs of this right.

37. The deprivation of Plaintiffs' rights will be redressed by a favorable decision herein.

### AS TO PLAINTIFF GARTENHAUS
### FIRST COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

38. Plaintiff Gartenhaus repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

4

40. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

41. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

42. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

43. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis,* 269 F.3d at 161.

44. The Letter states, "As you have not resolved this account, we are extending to you another option. In an effort to allow you more time to get your finances in order, we will agree to accept $25.00 per month for the next three months."

45. The Letter fails to state when the settlement payment must be sent by the consumer, or received by the Defendant, in order to accept the settlement, offer.

46. Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively.

47. The least sophisticated consumer reading the Letter would be left to wonder about a material term of the offer.

48. The least sophisticated consumer would likely be deceived by the Letter.

49. The least sophisticated consumer would likely be deceived in a material way by the Letter.

50. As a result of the foregoing, in the eyes of the least sophisticated consumer the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

51. Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

52. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

53. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff Gartenhaus therefor.

Barshay Sanders PLLC

### AS TO PLAINTIFF GARTENHAUS
### SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

54. Plaintiff Gartenhaus repeats and realleges the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

57. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

58. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

59. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

60. The Letter contains a settlement offer.

61. While a settlement offer in and of itself is not improper, such offer runs afoul of the FDCPA if it impresses upon the least sophisticated consumer that if he or she does not accept the settlement, he or she will have no further opportunity to settle the debt for less than the full amount.

62. Upon being presented with such offer, the least sophisticated consumer could be materially misled into remitting payment or entering into a repayment plan she may not be able to afford, for fear of being subjected to additional collection efforts for the full amount of the debt when, in fact, settlement offers are frequently renewed if the consumer fails to accept the initial offer.

63. These concerns can be adequately addressed by the debt collector including with the offer the following language: "We are not obligated to renew this offer."

64. The phrase "we are not obligated to renew this offer" adequately conveys to the least sophisticated consumer that there is a renewal possibility, but also that it is not assured.

6

65. The Letter does not state "we are not obligated to renew this offer," nor does it include any kind of substantially similar language.

66. The least sophisticated consumer would likely be misled by the settlement offer.

67. The least sophisticated consumer would likely be misled in a material way by the settlement offer.

68. Defendant has violated 15 U.S.C. § 1692e by way of using a false, deceptive, or misleading representation or means in its attempt to collect Plaintiff's alleged Debt.

69. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff Gartenhaus therefor.

### AS TO PLAINTIFF STERN
### THIRD COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

70. Plaintiff Stern repeats and realleges the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

73. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

74. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

75. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis,* 269 F.3d at 161.

76. The Letter states "As you have not resolved this account, we are extending to you another option. In an effort to allow you more time to get your finances in order, we will agree to accept $25.00 per month for the next three months."

77. The Letter fails to state when the settlement payment must be sent by the consumer, or received by the Defendant, in order to accept the settlement, offer.

7

78. Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively.

79. The least sophisticated consumer reading the Letter would be left to wonder about a material term of the offer.

80. The least sophisticated consumer would likely be deceived by the Letter.

81. The least sophisticated consumer would likely be deceived in a material way by the Letter.

82. As a result of the foregoing, in the eyes of the least sophisticated consumer the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

83. Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

84. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

85. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff Stern therefor.

**AS TO PLAINTIFF STERN**
**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e and 1692e(10)**

86. Plaintiff Stern repeats and realleges the foregoing paragraphs as if fully restated herein.

87. 15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

88. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

89. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

90. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

91. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

8

92. The Letter contains a settlement offer.

93. While a settlement offer in and of itself is not improper, such offer runs afoul of the FDCPA if it impresses upon the least sophisticated consumer that if he or she does not accept the settlement, he or she will have no further opportunity to settle the debt for less than the full amount.

94. Upon being presented with such offer, the least sophisticated consumer could be materially misled into remitting payment or entering into a repayment plan she may not be able to afford, for fear of being subjected to additional collection efforts for the full amount of the debt when, in fact, settlement offers are frequently renewed if the consumer fails to accept the initial offer.

95. These concerns can be adequately addressed by the debt collector including with the offer the following language: "We are not obligated to renew this offer."

96. The phrase "we are not obligated to renew this offer" adequately conveys to the least sophisticated consumer that there is a renewal possibility, but also that it is not assured.

97. The Letter does not state "we are not obligated to renew this offer," nor does it include any kind of substantially similar language.

98. The least sophisticated consumer would likely be misled by the settlement offer.

99. The least sophisticated consumer would likely be misled in a material way by the settlement offer.

100. Defendant has violated 15 U.S.C. § 1692e by way of using a false, deceptive, or misleading representation or means in its attempt to collect Plaintiff's alleged Debt.

101. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff Stern therefor.

## CLASS ALLEGATIONS

102. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

103. Plaintiffs seek to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letters sent to Plaintiffs, which letter were sent on or after a date one year prior to the filing of this action to the

9

present.

104. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

105. The Class consists of more than thirty-five persons.

106. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

107. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

108. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

109. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiffs as Class Representatives and Plaintiffs' attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

      d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

      e.  Granting Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      f.  Granting Plaintiffs' costs; all together with

      a.  Such other relief that the Court determines is just and proper.

DATED: November 24, 2020

                          **BARSHAY SANDERS, PLLC**

                          By: <u>/s/ *Craig B. Sanders*</u>
                          Craig B. Sanders, Esquire
                          100 Garden City Plaza, Suite 500
                          Garden City, New York 11530
                          Tel: (516) 203-7600
                          Fax: (516) 706-5055
                          csanders@barshaysanders.com
                          *Attorneys for Plaintiffs*
                          Our File No.: 120981