```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ESTHER GARTENHAUS and SHALOM :
STERN, :
                 Plaintiffs, :   **ORDER**
v. :
                                              :   20 CV 9900 (VB)
FINANCIAL RECOVERY SERVICES, INC., :
                 Defendant. :
--------------------------------------------------------------x

       On December 21, 2020, defendant filed a motion to dismiss. (Doc. #9).

       By Order dated December 22, 2020, this Court directed plaintiffs to notify the Court by letter whether they (i) intended to file an amended complaint in response to the motion to dismiss; or (ii) would rely on the complaint that is the subject of the motion to dismiss. (Doc. #11). The Order stated that if plaintiffs elect not to file an amended complaint their time to oppose the motion to dismiss shall be governed by the Federal Rules of Civil Procedure but if plaintiffs elect to file an amended complaint, they must file the amended complaint by no later than 14 days after notifying the Court of their intent to do so. (Id.).

       On January 4, 2021, plaintiffs responded to the December 22 Order, advising the Court that plaintiffs intended to amend the complaint in response to defendant's motion to dismiss. (Doc. #13). Accordingly, plaintiffs' amended complaint was due on January 18, 2021.

       To date, plaintiffs have not filed an amended complaint or opposed defendant's motion. Accordingly, it is HEREBY ORDERED:

       The Court sua sponte extends to **February 1, 2021**, plaintiffs' time to file their amended complaint or oppose the pending motion to dismiss. If plaintiffs fail to file an amended complaint, oppose the pending motion, or request additional time to do so by **February 1, 2021**, the original complaint will be deemed the operative complaint, defendant's motion to dismiss will be considered unopposed, and the Court is unlikely to grant plaintiffs a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendant's motion. See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility"); accord F5 Capital v. Pappas, 856 F.3d 61, 89–90 (2d Cir. 2017).

Dated: January 26, 2021
       White Plains, NY

                                                      SO ORDERED:

                                                      _____
                                                      Vincent L. Briccetti
                                                      United States District Judge